UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:11-CV-350-FL

ROBERT BERTON, et al.,

    Petitioners,

v.

SILVERDEER, LLC,

    Respondent.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION
CASE NO. 10-08980-8-JRL

**APPELLANTS' REPLY BRIEF**

# I. TABLE OF CONTENTS

II. TABLE OF AUTHORITIES.................................................................................... ii

III. ARGUMENTS……....................................................................................... 1

    A. STANDARD OF REVIEW................................................................... 1

    B. DISCUSSION OF THE ISSUES........................................................... 1

        I. THE ISSUE OF THE BANKRUPTCY COURT ENTERING JUDGMENT IN FAVOR OF AN IMPROPER PARTY IS PROPERLY BEFORE THIS COURT...................................... 1

        II. THE BANKRUPTCY COURT ERRRED IN ENTERING JUDGMENT IN FAVOR OF HOWARD A. JACOBSON..................... 2

        III. THE BANKRUPTCY COURT ERRED IN AWARDING ATTORNEY'S FEES WHERE THE DEBTOR SUFFERED MINIMAL LOSS IN RESPONDING TO THE INVOLUNTARY PETITION................................................................. 3

        IV. THE BANKRUPTCY COURT ERRED IN AWARDING ATTORNEY'S FEES FOR TIME DURING WHICH HOWARD A. JACOBSON WAS ACTING IN HIS CAPACITY AS MEMBER/MANAGER OF THE DEBTOR AND FOR TIME THAT WAS NOT NECESSARY IN DEFENDING PETITIONERS' INVOLUNTARY PETITION........................................................................................ 4
.

IV. CONCLUSION…………………………………….................................. 5

## II. TABLE OF AUTHORITIES

**CASES**

In re Fox, 171 B.R. 31 (Bankr. E.D. Va. 1994).................................................................. 1

In re McQueen, 196 B.R. 31 (E.D.N.C. 1995)………….....................…………......……….. 1

In re Superior Siding and Window, Inc. v. Assoc. Materials, Inc.,
   14 F.3d 240 (4th Cir. 1994)........................................................................................... 1

In re VII Holdings Co., 362 B.R. 663 (Bankr. D. Del. 2007)………………......…………... 3

Nat'l Wildlife Federation v. Hanson, 859 F.2d 313 (4th Cir. 1988)................................... 2

**STATUTES**

11 U.S.C. § 303(i)....................................................................................………...……… 1, 3

III.     ARGUMENTS

A.     STANDARD OF REVIEW

This Court is bound by a bankruptcy court's findings of fact unless clearly erroneous and reviews a bankruptcy court's conclusions of law *de novo*. In re McQueen, 196 B.R. 31, 32 (E.D.N.C. 1995). While a bankruptcy court's decision whether to award costs or attorney fees pursuant to 11 U.S.C. § 303(i) is a matter of discretion reviewed for abuse thereof, In re Fox, 171 B.R. 31, 33 (Bankr. E.D. Va. 1994), any factors to be considered in entering such an award that are matters of law are reviewed *de novo*, see In re Superior Siding and Window, Inc. v. Assoc. Materials, Inc., 14 F.3d 240, 242 (4th Cir. 1994).

B.     DISCUSSION OF THE ISSUES

   I.     THE ISSUE OF THE BANKRUPTCY COURT ENTERING JUDGMENT IN FAVOR OF AN IMPROPER PARTY IS PROPERLY BEFORE THIS COURT.

Contrary to the Debtor's assertions, Petitioners raised the issue of Jacobson's request for an award of attorney's fees payable to him personally several times in response to the Debtor's motion for costs and attorney's fees. The "Argument" section of Petitioners' Response to Motion for Costs and Fees highlighted to the bankruptcy court that although section 303(i) specifically provides that "the court may grant judgment (1) against the petitioners and *in favor of the debtor* for (A) costs; or (B) a *reasonable* attorney's fee." 11 U.S.C. § 303(i) (2006) (emphasis added). . . . Here, Jacobson asks the Court to enter an award for both costs and attorney's fees to Jacobson personally." (Docket Entry 67 at 2). Further, while Petitioners did indeed highlight that any award of fees should be entered in favor of the Debtor rather than Jacobson personally, the issue of entry of judgment in favor of Jacobson did not arise until the bankruptcy court's order was entered.

1

Even if this Court finds Petitioners' objection to an award of fees to Jacobson personally insufficient to raise the issue in the bankruptcy court, the error of entering judgment in favor of Jacobson is plain in light of the clear statutory language of section 303(i). Such plain error is appropriate for review on appeal even if the issue is raised for the first time on appeal. See Nat'l Wildlife Federation v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). In Hanson, the issue of the appropriate rate used to calculate attorney's fees was raised for the first time at oral argument on appeal. Id. The Court of Appeals for the Fourth Circuit noted that "[w]hile it is true that we ordinarily will not consider issues raised for the first time on appeal, we have recognized that in very limited circumstances we may consider such an issue if the error is 'plain' and our refusal to consider it would result in a miscarriage of justice" and vacated the district court's judgment, remanding for recomputation of the fee. Id.

Here, the bankruptcy court's judgment in favor of Howard A. Jacobson rather than the Debtor is contrary to the plain language of section 303(i) requiring entry of judgment in favor of the debtor. Further, allowing the judgment to stand in favor of Jacobson rather than the Debtor would result in a miscarriage of justice because, as discussed in Petitioners' principal brief, judgment in favor of the improper party would prevent Petitioners from asserting a right to setoff against the proper party to the bankruptcy court's Order: the Debtor, SilverDeer, LLC. See Appellant's Brief at 4.

Accordingly, this Court can and should review the bankruptcy court's improper entry of judgment in favor of Jacobson contrary to the plain language of section 303(i).

    II.    THE BANKRUPTCY COURT ERRRED IN ENTERING JUDGMENT IN FAVOR OF HOWARD A. JACOBSON.

The Debtor attempts to evade the clear error of the bankruptcy court's judgment in favor of Jacobson by stating that "the Court below did not enter judgment in favor of the debtor's

2

attorney," Appellee's Brief at 1, and describing it as "a judgment for the Alleged Debtor that required a payment to a person other than the Alleged Debtor." Appellee's Brief at 9. In fact, the **bankruptcy court's order expressly states**: "Judgment is hereby entered in favor of Howard A. Jacobson." (Docket Entry 72).

Because it entered judgment in favor of Jacobson, the bankruptcy court's order violates the plain language of 11 U.S.C. § 303(i) and case law applying that language. Section 303(i) provides that "[i]f the court dismisses a petition under this section other than on consent of all petitioners and the debtor . . . the court may grant judgment (1) against the petitioners and *in favor of the debtor* for (A) costs; or (B) a reasonable attorney's fee." 11 U.S.C. § 303(i) (2006) (emphasis added). This language has been interpreted strictly: "The plain language section 303(i)(1) is clear—only a debtor may recover attorneys' fees and costs under subsection (1)." In re VII Holdings Co., 362 B.R. 663, 667 (Bankr. D. Del. 2007) (holding that the language of section 303(i)(1) precluded non-petitioning creditors from recovering attorney's fees and costs).

Accordingly, the bankruptcy court erred in entering judgment in favor of Howard Jacobson in violation of section 303(i).

> III.  THE BANKRUPTCY COURT ERRED IN AWARDING ATTORNEY'S FEES WHERE THE DEBTOR SUFFERED MINIMAL LOSS IN RESPONDING TO THE INVOLUNTARY PETITION.

In response to Petitioners' argument that the totality of the circumstances of this case (where the Debtor incurred no attorney's fees because it was represented by its member/manager) counsels against an award of costs and attorney's fees, the Debtor offers a severe mischaracterization of the circumstances surrounding the Petitioners' claim. The claim that formed the basis of Petitioners' Involuntary Petition is based on a settlement agreement settling Petitioners' claims in a state court lawsuit against the Debtor. The Debtor entered into

3

the settlement agreement through one of its two member/managers with equal authority to act on behalf of the company, who was at all times represented by separate counsel in the negotiation. Further, due to the use of numerous entities closely related to the Debtor to hold assets and carry on operations, Petitioners had limited access to information about the Debtor's assets and creditors, and had a good faith basis for asserting their claim in the Involuntary Petition. (See Docket Entry 53).

The bankruptcy court found absolutely no basis for a finding of bad faith in either its order dismissing the Involuntary Petition or its order awarding costs and fees. (Docket Entries 65 and 72). Accordingly, the facts surrounding the negotiation of the settlement agreement and Petitioners' claim are largely irrelevant to this appeal, and Petitioners will not repeat them here, but rather refer to their Response to Motion for Summary Judgment (Docket Entry 53) submitted in the bankruptcy court for a discussion of those facts.

As discussed in Petitioners' principal brief, where, as here, the Debtor incurred no attorney's fees and suffered relatively little harm to its reputation and business activities, the bankruptcy court abused its discretion in awarding attorney's fees in favor of the Debtor's attorney, Howard A. Jacobson.

      IV.    THE BANKRUPTCY COURT ERRED IN AWARDING ATTORNEY'S FEES FOR TIME DURING WHICH HOWARD A. JACOBSON WAS ACTING IN HIS CAPACITY AS MEMBER/MANAGER OF THE DEBTOR AND FOR TIME THAT WAS NOT NECESSARY IN DEFENDING PETITIONERS' INVOLUNTARY PETITION.

The Debtor responds to Petitioners' substantial list of time entries by Jacobson for extensive unnecessary factual discovery by arguing that failure to specifically point to each of those time entries in the bankruptcy court waived Petitioners' objection to those entries, even though Petitioners specifically argued: "The Court should also disregard the substantial amount

4

of time Jacobson spent engaging in extensive factual discovery (including deposing Petitioners' counsel) that was ultimately unnecessary, as the Court based its decision to dismiss the Involuntary Petition solely on the language of SilverDeer's operating agreement." (Docket Entry 67 at 6). This argument is clearly sufficient to raise the issue of unnecessary factual discovery below, where Jacobson's detailed time sheet was submitted to the bankruptcy court for review.

As detailed in Petitioners' principal brief, when the entries for non-necessary work detailed in Petitioners' principal brief are disregarded, the time claimed by Jacobson is reduced by 47.25 hours. Based on an hourly rate of $250.00, the bankruptcy court's award should be reduced by $11,812.50.

## IV. CONCLUSION

For the reasons set forth in Petitioners' principal brief and the reasons discussed above, the Court should vacate and remand the bankruptcy court's order awarding costs and attorney's fees in favor of Howard A. Jacobson.

Dated: August 16, 2011

Respectfully submitted,

/s/ James C. White\
James C. White\
N.C. Bar # 31859\
LAW OFFICE OF JAMES C. WHITE, P.C.\
P.O. Box 16103\
Chapel Hill, NC 27516\
(919) 313-4636\
(919) 246-9113 fax\
jimwhite@jcwhitelaw.com

ATTORNEYS FOR PETITIONERS

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing **Appellants' Reply Brief** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Howard A. Jacobson at howardajacobson@gmail.com

Dated: August 16, 2011

LAW OFFICE OF JAMES C. WHITE, P.C.

/s/ James C. White_____
James C. White
N.C. Bar # 31859
P.O. Box 16103
Chapel Hill, NC 27516
 (919) 313-4636
(919) 246-9113 fax
jimwhite@jcwhitelaw.com

ATTORNEYS FOR PETITIONERS